**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHRISTOPHER PIERRE SWOOPE,

       Plaintiff,                   Case No. 2:25-cv-12948

v.                               Hon. Brandy R. McMillion
                                  United States District Judge

RACHEL RANCILIO,
COUNTY OF MACOMB,
MARK BERGER, and
JOHN DOES 1-50,

       Defendants.

_____/

**<u>OPINION AND ORDER GRANTING JUDGE RANCILIO'S MOTION FOR JUDGMENT ON THE PLEADINGS (ECF NO. 17) AND MACOMB COUNTY AND MARK BERGER'S MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR SUMMARY JUDGMENT (ECF NO. 23)</u>**

Plaintiff Christopher Pierre Swoope ("Plaintiff" or "Swoope") brings several federal and state law claims against Defendants Rachel Rancilio ("Judge Rancilio"), County of Macomb ("Macomb County"), Mark Berger ("Berger"), and John/Jane Does 1–50 (collectively, "Defendants") in connection with an *ex parte* Personal Protection Order ("PPO") issued by Judge Rancilio against Swoope in the Macomb County 16th Judicial Circuit Court. *See generally* ECF No. 1. Plaintiff brought this action on September 17, 2025 and has since filed several motions, including a Motion for Judgment on the Pleadings (ECF No. 9), Motion to Strike Defendants'

1

Affirmative Defenses (ECF No. 13), Motion to Compel Full Video Production and to Exclude Unserved and Parties Media Evidence (ECF No. 27), Motion for Leave to File Video Evidence and to Supplement the Record (ECF No. 29), Motion for Limited Jurisdictional Discovery and Evidentiary Hearing (ECF No. 32), and Motion for Judicial Notice Pursuant to Federal Rule of Evidence 201 (ECF No. 33) (collectively, "Plaintiff's Pending Motions").  Defendants have also filed their own motions, including Judge Rancilio's Motion for Judgment on the Pleadings (ECF No. 17) and Macomb County and Berger's Motion for Judgment on the Pleadings and/or Summary Judgment (ECF No. 23).  The motions have all been fully briefed and the Court does not find a hearing to be necessary, so the Court will rule on the record before it.  *See* ECF Nos. 16, 19-20, 25, 28, 32, 34-36, 38-39; E.D. Mich. LR 7.1(f)(2).

For the reasons stated below, Judge Rancilio's Motion for Judgment on the Pleadings (ECF No. 17) and Berger and Macomb County's Motion for Judgment on the Pleadings and/or Summary Judgment (ECF No. 23) are **GRANTED**; and Plaintiff's Pending Motions (ECF Nos. 9, 13, 27, 29, 32, 33) are each **DENIED AS MOOT**.

## I.

Judge Rancilio is the Chief Judge of the Family Division of the Macomb County Circuit Court.  ECF No. 17, PageID.317.  On June 24, 2025, she issued an

*ex parte* PPO against Plaintiff, which allegedly included a blank proof-of-service section.  ECF No. 1, PageID.8.  According to Plaintiff, "[t]he PPO was left at a rental property […] but never handed over to [him], or sent by certified mail."  *Id*. at PageID.72.  On July 10, 2025, in the state proceedings, Plaintiff moved to terminate the PPO, so Judge Rancilio set a motion hearing for July 28, 2025.  *Id*. at PageID.46; *see also* ECF No. 17, PageID.325.

On the day of the hearing, Swoope voluntarily appeared before Judge Rancilio to object to the court's exercise of jurisdiction based on insufficient service and to dispute the merits of the PPO.  ECF No. 1, PageID.8.  Judge Rancilio declined to hear the merits of Plaintiff's arguments because the complaining PPO witness did not attend.  ECF No. 17, PageID.325.  So, Judge Rancilio set a subsequent hearing for August 26, 2025.  ECF No. 1, PageID.9.  Swoope voluntarily attended the August hearing as well, where he again raised the jurisdictional issue.  ECF No. 1, PageID.9.  Given his continued concerns with service, Judge Rancilio's court deputy, Berger, served Plaintiff with the PPO, per Judge Rancilio's instruction.  *Id*. at PageID.72-76.[1]  After Plaintiff was served, Judge Rancilio turned back to the merits—whether the PPO against Swoope should be terminated.  *Id*.  During which, Judge Rancilio

---

[1] At the August hearing, Judge Rancilio stated "[T]he record should reflect that the Respondent has been served with the petition and a copy of the PPO by my Deputy. He will file a proof of service today, which is irrelevant for today's purposes, because you're asking me to terminate that PPO."  ECF No. 1, PageID.76.

heard arguments from both the complaining PPO witness and Plaintiff, then she took the matter under advisement.  *Id*. at PageID.80-148.

On August 27, 2025, a day after the August hearing, Plaintiff filed a motion to disqualify Judge Rancilio.  ECF No. 1, PageID.5.  On September 4, 2025, Judge Rancilio issued an opinion and order denying Plaintiff's motion to terminate the PPO.  *Id*.  Shortly thereafter, on September 15, 2025, she also denied Plaintiff's motion for disqualification.  ECF No. 17, PageID.326.  The same day, Swoope filed a motion for *de novo* review of the disqualification motion, and Judge James Biernat Jr. issued an opinion and order on October 9, 2025.  ECF No. 17, PageID.326.

Plaintiff brought his action before this Court on September 17, 2025, *see generally* ECF No. 1, and has since filed several motions, including a Motion for Judgment on the Pleadings (ECF No. 9), Motion to Strike Defendants' Affirmative Defenses (ECF No. 13), Motion to Compel Full Video Production and to Exclude Unserved and Parties Media Evidence (ECF No. 27), Motion for Leave to File Video Evidence and to Supplement the Record (ECF No. 29), Motion for Limited Jurisdictional Discovery and Evidentiary Hearing (ECF No. 32), and Motion for Judicial Notice Pursuant to Federal Rule of Evidence 201 (ECF No. 33).  Judge Rancilio has also filed a Motion for Judgment on the Pleadings (ECF No. 17), and Macomb County and Berger have filed a Motion for Judgment on the Pleadings and/or Summary Judgment (ECF No. 23).  Each of the motions have been adequately

4

briefed, so the Court will rule based on the record before it.  *See* ECF Nos. 16, 19-20, 25, 28, 32, 34-36, 38-39; E.D. Mich. LR 7.1(f)(2).

## II.

Defendants move for judgment on the pleadings under Fed. R. Civ. P. 12(b)(6) and 12(c).  *See* ECF No. 17, PageID.324; ECF No. 23, PageID.460.  The Court applies the 12(b)(6) standard to motions under Rule 12(c).  *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020).  To do so, the Court "must accept as true all well-pleaded factual allegations," which must "plausibly give rise to an entitlement to relief." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). In order for a complaint to be facially plausible, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678. The Court is effectively determining "whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."  *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  However, the Court is not required to accept as true legal conclusions in the complaint.  *Iqbal*, 556 U.S. at 678-79.

When reviewing a 12(c) motion, the Court can consider "exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to [the] defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein," without converting the

5

motion to dismiss to one for summary judgment. *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016). Documents attached to the pleadings, such as the answer, "become part of the pleadings and may be considered on a motion to dismiss*." Com. Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)); *see* Fed. R. Civ. P. 7(a)(2) (defining "pleading" as including "an answer to a complaint").

## III.

### A.    JUDICIAL IMMUNITY

Plaintiff sues Judge Rancilio in her individual and official capacities. ECF No. 1, PageID.1. Specifically, he alleges Judge Rancilio issued and enforced a PPO against him despite having no jurisdiction over the case, and did so without any notice, hearing, or lawful service to him. *Id*. at PageID.5. He goes on to allege that Judge Rancilio "proceeded to conduct hearings" pertaining to the PPO, and "Plaintiff appeared voluntarily and expressly objected that the court lacked jurisdiction due to failure of service." *Id*. at PageID.5, 8. Judge Rancilio responds that all of Plaintiff's claims are barred by absolute judicial immunity and absolute state governmental immunity. The Court will address both in turn.

#### 1. Judge Rancilio is Absolutely Immune from Plaintiff's Federal Claims

"Judicial immunity is shorthand for the doctrine of absolute immunity that operates to protect judges and quasi-judicial officers alike from suit in both their

official and individual capacities." *Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir. 2007) (cleaned up).  "Judges are generally absolutely immune from civil suits for money damages, including § 1983 suits." *DePiero v. City of Macedonia*, 180 F.3d 770, 783 (6th Cir.1999).  Nonetheless, in *DePiero*, the Sixth Circuit set forth two exceptions for judicial immunity: (i) nonjudicial actions, i.e., actions not taken in the judge's judicial capacity; and (ii) actions, though judicial in nature, taken in the complete absence of all jurisdiction.  *DePiero*, 180 F.3d at 784.

Defendant asserts that neither exception applies in this case because first, the PPO hearings underlying Plaintiff's complaint were judicial actions, and second, she had jurisdiction over the state case at issue.  ECF No. 17, PageID.329-331.  Plaintiff does not raise the first exception, so the Court will only address Defendant's supposed lack of jurisdiction in the PPO proceedings.  *See generally* ECF Nos. 1, 20.  According to Plaintiff, Judge Rancilio did not have personal jurisdiction over him because there was no lawful service based on the "PPO packet's proof-of-service section [that was] blank and defective."  ECF No. 1, PageID.8.  Plaintiff goes on to disclose that during the July 28, 2025 hearing before Judge Rancilio, he appeared voluntarily, challenged the state court's personal jurisdiction over him, and contested the merits of the PPO.  ECF No. 1, PageID.8.  Plaintiff also appeared before Judge Rancilio on August 26, 2025, where he again raised the supposed jurisdictional defects, and sought termination of the PPO.  *Id*. at PageID.8.

The Court first notes the clear contradiction in the record on Plaintiff's part. On the one hand, he asserts he did not receive notice, hearing, or lawful service, then on the other, admits to willingly attending state court hearings on July 28 and August 26. ECF No. 1, PageID.8-9. This inconsistency is fatal to Plaintiff's opposition to absolute judicial immunity because Judge Rancilio's jurisdiction is evidenced, in part, by Plaintiff's own "voluntary" appearance in the case. Meanwhile, Plaintiff seems to misunderstand the fundamental purpose of service. "Put simply, a defendant's appearances, filings, and actions in the district court may constitute legal submission to the jurisdiction of that court." (cleaned up). *Boulger v. Woods*, 917 F.3d 471, 477 (6th Cir. 2019). While "not all conduct serves as constructive consent to personal jurisdiction […and] courts must ask whether a defendant's conduct has given the plaintiff a reasonable expectation that the defendant will defend the suit on the merits or whether the defendant has caused the court to go to some effort that would be wasted if personal jurisdiction is later found lacking[,]" here, the Court finds sufficient conduct. *Id* at 477. In Plaintiff's own words, "[a]t the first hearing [he] argued that the PPO had no merit and should be terminated[,]" and "at the second hearing," he even went as far as to assert his "right to call and examine witnesses." ECF No. 1, PageID.8-9. These admissions in Plaintiff's own pleadings of his conduct at both hearings suffice to place him within the state court's jurisdiction.

8

But even if the Court were to accept Plaintiff's assertion that he preserved his objection to jurisdiction at both hearings, for the purposes of judicial immunity, "[a] judge acts in the clear absence of all jurisdiction only when the matter upon which he acts is clearly outside the subject matter of the court over which he presides." *Johnson v. Turner*, 125 F.3d 324, 334 (6th Cir. 1997).  The Court is persuaded by Defendant's argument that as a Michigan State Circuit Court judge, issuing PPOs is well within her jurisdiction.  ECF No. 17, PageID.330-331; *see also* Mich. Comp. Laws Ann. § 600.2950 ("[A]n individual may petition the **family division of circuit court** to enter a personal protection order to restrain or enjoin a spouse, a former spouse, an individual with whom he or she has had a child in common . . .") (emphasis added).  Nor has Plaintiff meaningfully argued otherwise.  Therefore, given that Plaintiff availed himself of the jurisdiction of the state court, or, in the alternative, the *ex parte* PPO was not outside the scope of Judge Rancilio's jurisdiction, the Court finds that absolute judicial immunity bars all of the federal claims against her.

### 2.  Judge Rancilio Is Also Immune from Plaintiff's State Tort Claims

Having found Judge Rancilio immune under absolute judicial immunity, Plaintiff's state-law claims—defamation, abuse of process, and malicious prosecution—are all dismissed as well.  Under Mich. Comp. Laws § 691.1407(5), "a judge is absolutely immune from tort liability when acting in the scope of his or

her judicial authority." *McCarthy v. Sosnick*, No. 293482, 2011 WL 4424344, at *4 (Mich. Ct. App. Sept. 22, 2011) (citing *Odom v. Wayne Cty.*, 482 Mich. 459, 479 (2008). Each of the claims are historically recognized torts under Michigan law. *See e.g.*, *Ledl v. Quik Pik Food Stores, Inc.*, 133 Mich. App. 583, 589 (1984); *Friedman v. Dozorc*, 412 Mich. 1, 30 (1981); *Friedman*, 412 Mich. at 32. The state law claims are therefore dismissed.[2]

## B.   BERGER IS ENTITLED TO QUASI-JUDICIAL IMMUNITY

Also before the Court is Macomb County and Berger's Motion for Judgment on the Pleadings and/or Summary Judgment. *See generally* ECF No. 23; *see also* ECF Nos. 28, 35 (Plaintiff's Response and Defendants' Reply, respectively). Among other reasons, they move the Court to dismiss the claims against Berger based on absolute quasi-judicial immunity, federal qualified immunity, and/or state governmental immunity. ECF No. 23, PageID.461-473. The Court finds that dismissal is warranted.

"[A]bsolute judicial immunity has been extended to non-judicial officers who perform 'quasi-judicial' duties. Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v.*

---

[2] Having already determined the Plaintiff's Complaint is dismissed in its entirety, the Court need not determine whether Eleventh Amendment immunity of the Rocker-Feldman doctrine apply.

*Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (cleaned up).  To determine whether an official is entitled to this immunity, the Court will  "look[…] to the nature of the function performed, not the identity of the actor who performed it."  *Id*. (cleaned up).  Here, as Judge Rancilio's courtroom deputy, Berger is absolutely immune from Plaintiffs lawsuit based on quasi-judicial immunity.  *See Mwonyonyi v. Gieszl*, No. 89–5495, 1990 WL 10713, *2 (6th Cir. Feb. 9, 1990) ("Sohen [court deputy clerk] has absolute quasi-judicial immunity for damages as his duties are related to the district court's judicial process.").  It follows that Berger is immune from any of Plaintiff's state-law claims as well, for the reasons explained in *supra* III.A.2.

## C.     CLAIMS AGAINST MACOMB COUNTY ARE MERITLESS

Plaintiff also brings several federal law claims against Macomb County.  ECF No. 1, PageID.11-15.  His claims are based largely on the potential liability that counties may face under *Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978).  In *Monell*, the United States Supreme Court held that local government units such as counties can be sued as "persons" for purposes of § 1983.  *Monell*, 436 U.S. at 695-701.  However, *Monell* is only triggered by the infliction of a constitutional harm.  *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

Thus, to survive dismissal, Plaintiff must adequately show that one of his constitutional rights were violated during the state court proceedings—which he has not done.  *See Hidden Vill., LLC v. City of Lakewood*, 734 F.3d 519, 523 (6th

11

Cir.2013) ("[L]iability against the city arises only if it violated a constitutional or statutory right through a custom or practice of doing so.").

The crux of Plaintiff's claim, rather, is that a state court judge who had proper jurisdiction over his PPO case did not exercise that jurisdiction in the manner Plaintiff would have preferred. While potentially unfortunate, his claims do not rise to the level of a constitutional violation. *See e.g.*, *Epps v. Lauderdale Cnty., Tennessee*, 45 F. App'x 332, 334 (6th Cir. 2002) (agreeing with "the district court dismiss[sal of] the municipal liability claims pursuant to *Heller v. City of Los Angeles*, 475 U.S. 796, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986), because [...] the individual liability claims were without merit and, therefore, no underlying constitutional violation existed for which the municipality could be held responsible."). Consequently, Plaintiff's claims against Macomb County cannot survive this stage of litigation.[3]

### D.   JOHN/JANE DOES 1–50 ARE ENTITLED TO QUASI-JUDICIAL IMMUNITY

Finally, given that Plaintiff admits he is suing Defendants John/Jane Does 1–50 in their official capacity as "deputies and staff [of the state court] whose names are presently unknown," ECF No. 1, PageID.1, the Court finds that they are each entitled to quasi-judicial immunity as well. *See supra* III.B. Although Plaintiff

---

[3] Having found no constitutional violation, the Court need not reach the question of whether *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) fully applies in this case.

claims to simultaneously sue them in their individual capacity, there are no allegations of individual actions in his Complaint, thereby making this assertion frivolous. *See generally* ECF No. 1; *see also Mayes v. Michigan Dep't of Corr.*, No. 2:16-CV-10124, 2016 WL 301957, at*2 (E.D. Mich. Jan. 25, 2016) (*citing Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005)) (plaintiff must allege facts showing that defendant individually participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability); *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (finding that *pro se* plaintiff's allegations against prison guard in his individual capacity failed where there were no related facts to support individual action). Therefore, all counts are dismissed as to all John/Jane Does 1–50.

## IV.

Accordingly, Judge Rancilio's Motion for Judgment on the Pleadings (ECF No. 17) and Berger and Macomb County's Motion for Judgment on the Pleadings and/or Summary Judgment (ECF No. 23) are both **GRANTED**.

**IT IS HEREBY ORDERED** that Plaintiff's following motions are each **DENIED AS MOOT**: Motion for Judgment on the Pleadings (ECF No. 9), Motion to Strike Defendants' Affirmative Defenses (ECF No. 13), Motion to Compel Full Video Production and to Exclude Unserved and Parties Media Evidence (ECF No. 27), Motion for Leave to File Video Evidence and to Supplement the Record (ECF

No. 29), Motion for Limited Jurisdictional Discovery and Evidentiary Hearing (ECF No. 32), and Motion for Judicial Notice Pursuant to Federal Rule of Evidence 201 (ECF No. 33).

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**

**IT IS SO ORDERED.**

*This is a final Order that closes the case.*

Dated: February 25, 2026         /s/ Brandy R. McMillion
         Detroit, Michigan        Hon. Brandy R. McMillion
                                   United States District Judge

14